## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, CAPITOL CMG, INC., ABKCO MUSIC & RECORDS, INC., and CONCORD MUSIC GROUP, INC.,

                    Plaintiffs,

          v.

BELIEVE S.A. and TUNECORE, INC,

                    Defendants.

Case No.: 24-cv-8406

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiffs UMG Recordings, Inc., Capitol Records, LLC, Capitol CMG, Inc. (with UMG Recordings, Inc. and Capitol Records, LLC, collectively "UMG"), ABKCO Music & Records, Inc., and Concord Music Group, Inc. (with UMG Recordings, Inc., Capitol Records, LLC, Capitol CMG, Inc., and ABKCO Music & Records, Inc., collectively "Plaintiffs"), for their complaint against Defendants Believe S.A. and TuneCore, Inc. (collectively "Believe"), allege as follows:

## PRELIMINARY STATEMENT

1.      Believe is a global commercial distributor of sound recordings. It has been able to achieve dramatic growth and profitability in recent years by operating as a hub for the distribution of infringing copies of the world's most popular copyrighted recordings. This action is filed to address and stop Believe's massive ongoing infringements and its brazen attempt to build its business by converting the value of those priceless recordings.

2.     Believe has amassed an enormous catalog of sound recordings by entering into contracts with "artists" or purported record companies (sometimes referred to as "labels") that authorize Believe to market and distribute their sound recordings to the public. Believe then distributes its catalog pursuant to licensing deals that it has negotiated with the providers of social media platforms and other music services, including TikTok, YouTube, Spotify, Apple Music, Instagram and hundreds of others. Pursuant to those agreements, Believe directly supplies and purports to license its catalog of tracks to the service providers who, in turn, deliver streams and downloads to consumers under color of the license purportedly granted by Believe.

3.     Plaintiffs own or have exclusive rights to catalogs of sound recordings from world-renowned recording artists including ABBA, Ariana Grande, Beastie Boys, Bon Jovi, Daddy Yankee, Diana Ross, Drake, Elton John, Fall Out Boy, Justin Bieber, Katy Perry, Kendrick Lamar, Lady Gaga, Lil Wayne, Nirvana, Post Malone, the Rolling Stones, Stevie Wonder, and Sting.

4.     Plaintiffs have invested substantial sums of money, as well as time, effort, and creative talent, to discover and develop recording artists, and to create, promote, sell, and license sound recordings embodying the performances of their exclusive recording artists. Plaintiffs also have invested substantial resources in developing the legitimate market for digital distribution of sound recordings through agreements with social media platforms and other digital music service providers. Plaintiffs and their recording artists are compensated for their creative efforts and investments from the streaming and distribution of their sound recordings to the public.

5.     From its inception, Believe recognized that it lacked the resources, creative talent and business acumen necessary to sign and develop top-level artists

and create a catalog that could compete fairly with Plaintiffs. Believe therefore made the affirmative business decision to enter into distribution contracts with anyone willing to sign one of its basic form agreements. As a result, Believe's client list is overrun with fraudulent "artists" and pirate record labels who rely on Believe and its distribution network to seed infringing copies of popular sound recordings throughout the digital music ecosystem.

6.    Believe makes little effort to hide its illegal actions. Indeed, the names of its "artists" and recordings are often minor variants on the names of Plaintiffs' famous recording artists and the titles of their most successful works. For example, Believe has distributed infringing tracks from infringers who call themselves "Kendrik Laamar" (a reference to Kendrick Lamar); "Arriana Gramde" (a reference to Ariana Grande); "Jutin Biber" (a reference to Justin Bieber); and "Llady Gaga" (a reference to Lady Gaga). Often, Believe distributes overtly infringing versions of original tracks by famous artists with notations that they are "sped up" or "remixed." As reflected in **Exhibits A** and **B** to this Complaint, Plaintiffs have identified numerous tracks distributed by Believe to social media platforms and other digital music services that infringe the rights in Plaintiffs' valuable recordings. Plaintiffs expect that discovery in this matter will reveal far more infringements and anticipate amending this Complaint and accompanying exhibits to identify additional works in suit.

7.    Believe's illicit strategy to accumulate and monetize a vast catalog of infringing recordings has been wildly successful. Believe has distributed millions of sound recordings to digital service providers—indeed, more than the number of legitimate recordings distributed by Plaintiffs and other major labels and reputable independent labels combined. While Believe is fully aware that its business model is fueled by rampant piracy, it has eschewed basic measures to prevent copyright

violations and turned a blind eye to the fact that its music catalog was rife with copyright infringing sound recordings.

8.      Believe's illegal activities go beyond the flagrant infringement of Plaintiffs' copyrighted sound recordings.  Believe also wrongfully collects royalties it knows are properly payable by digital music services to Plaintiffs and other rightful copyright owners.  As just one example, Believe has taken advantage of the content management claiming system on the well-known YouTube platform to assert copyright ownership in numerous of Plaintiffs' recordings, thereby diverting or delaying payment of royalties properly payable to Plaintiffs for use of their owned and distributed recordings.  Tellingly, even after conflicts on YouTube involving obviously infringing recordings have been resolved in favor of Plaintiffs—meaning that Believe acknowledged that it had no rights in a particular recording—Believe continued to distribute the *exact same track* to other digital music service providers and to seek royalties for use of that track from those providers.

9.      Believe's infringement has harmed and continues to irreparably harm Plaintiffs, their recording artists and many other contributors whose livelihoods depend upon the legal distribution and exploitation of copyrighted music.  As a result, Plaintiffs seek a permanent injunction requiring Believe to cease its infringement of Plaintiffs' copyrights, and an award of damages to Plaintiffs to compensate them for the harm caused by Believe's past and present willful infringement of at least $500,000,000.

## NATURE OF THE ACTION

10.      This is a civil action seeking damages, injunctive relief, and other remedies for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*

11.    This action also seeks damages, injunctive relief, and other remedies for violations of Plaintiffs' exclusive rights in sound recordings fixed before February 15, 1972 ("pre-1972 sound recordings"), under 17 U.S.C. § 1401, which in relevant part provides that a party who violates an exclusive right under 17 U.S.C. § 106 with respect to such a recording is liable for infringement.[1]

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

13.    This Court has personal jurisdiction over Defendant TuneCore, Inc. pursuant to N.Y. C.P.L.R. §§ 301 and 302 because TuneCore, Inc. has its principal place of business in New York; transacts business within New York; has engaged in tortious conduct within New York, including through the marketing, promotion, and distribution of infringing tracks; and has engaged in tortious conduct outside New York causing injury within this judicial district and state, including through the marketing, promotion, and distribution of infringing tracks targeted at New York customers, while regularly doing or soliciting business within New York.

14.    This Court has specific personal jurisdiction over Defendant Believe S.A., pursuant to N.Y. C.P.L.R. § 302(a), as Believe S.A.'s conduct has caused injury within New York, Believe S.A. has transacted business within New York from which Plaintiffs' causes of action arise, Believe S.A. expected or should have reasonably expected its actions to have consequences in New York and in this district, and Believe S.A. derives substantial revenue from interstate or international commerce.

---

[1] As used herein, except as otherwise specified, references to Plaintiffs' sound recording copyrights include rights to pre-1972 sound recordings under 17 U.S.C. § 1401, and references to Believe's infringement include violations of such rights.

a.  Upon information and belief, Believe S.A. distributed infringing tracks to third parties with the understanding and intent that third parties would make those tracks available in New York and to residents of this district by means of online streaming or digital download services, and those infringing tracks were in fact provided by those third parties to residents of New York including in this district.

b.  Upon information and belief, Believe S.A. has used its ability to distribute tracks throughout the United States and globally as a selling point to Believe S.A. artists.

c.  Believe S.A. has harmed the marketability of Plaintiffs' copyrighted sound recordings and licensing opportunities for those copyrighted sound recordings within the state of New York and among New York residents, including residents of this district.

d.  Upon information and belief, Believe S.A. derives substantial revenue from operations in New York.

e.  Believe S.A. identifies TuneCore, Inc.'s Chief Executive Officer as a member of its leadership team[2] and TuneCore, Inc. and Believe S.A. offer joint terms of service for users of www.tunecore.com and users of www.believemusic.com.[3]

15.  In the alternative, this Court has personal jurisdiction over Believe S.A. pursuant to Federal Rule of Civil Procedure 4(k)(2), for at least the following reasons:

---

[2] *Our Leadership Team*, Believe, https://www.believe.com/about/our-mission (last visited Nov. 4, 2024).

[3] *Terms and Conditions*, TuneCore (Apr. 1, 2021), https://www.tunecore.com/terms.

a.  Plaintiffs' claims arise under federal copyright law;

b.  Believe S.A. distributes certain audio tracks that are the basis for this lawsuit to multiple companies incorporated and headquartered in the United States;

c.  Believe S.A. purposefully directs its electronic activity into the United States and distributes infringing tracks geared at the U.S. market, for which Believe S.A. receives revenues corresponding to the popularity of the recordings within the U.S. market;

d.  Believe S.A. avails itself of copyright management tools provided by a United States company, YouTube LLC, to claim copyright interests in certain recordings at issue and monetize videos embodying those recordings that are posted on YouTube by users;

e.  Believe S.A. does the above with the manifest intent of engaging in business or other interactions within the United States; and

f.  The effects of Believe S.A.'s unlawful conduct is felt in the United States, including in this district.

16.  Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(c) and/or 28 U.S.C. § 1400(a). A substantial part of the harm to Plaintiffs resulting from the acts of infringement complained of herein occurs or has occurred in this judicial district; TuneCore, Inc. is based in New York, and both TuneCore, Inc. and Believe S.A. are subject to this Court's personal jurisdiction with respect to this action.

## PARTIES

### I.    Plaintiffs and Their Extensive Catalog of Valuable Sound Recordings

17.    Plaintiff UMG Recordings, Inc. is a Delaware corporation with its principal place of business in Santa Monica, California 90404, as well as an office in this judicial district.

18.    Plaintiff Capitol Records, LLC is a Delaware limited liability company with its principal place of business in Santa Monica, California.

19.    Plaintiff Capitol CMG, Inc. is a California corporation with its principal place of business in Santa Monica, California.

20.    Plaintiff ABKCO Music & Records, Inc. is a New York corporation with its principal place of business in this judicial district.

21.    Plaintiff Concord Music Group, Inc. is a Delaware corporation with a principal place of business in Nashville, Tennessee.

22.    Plaintiffs are among the most well-known and respected record companies in the world.  They invest substantial time, energy and resources in developing and signing artistic talent and then engaging in the marketing, licensing and distribution of high-quality sound recordings embodying the performances of their recording artists.

23.    Plaintiffs are the copyright owners of, or owners of exclusive rights with respect to a substantial portion of the most popular sound recordings sold or otherwise commercially exploited in the United States, embodying the performances of some of the most successful recording artists of all time and in the present day.  Plaintiffs have obtained U.S. copyright registrations for a vast number of copyrighted recordings, including those listed in **Exhibit A** hereto.  Plaintiffs also own or control the exclusive rights to numerous pre-1972 sound recordings, including those listed in **Exhibit B** hereto.

24.    Each of the works on **Exhibits A** and **B** has been reproduced, distributed and/or publicly performed by Defendants, their artists and labels, and/or the service providers to which Believe has distributed and purportedly licensed the recordings, without Plaintiffs' authorization.

25.    Plaintiffs distribute their sound recordings in physical formats such as vinyl records, CDs, and other tangible media throughout the United States, including in New York and within this district.  Plaintiffs also distribute and/or license their sound recordings in the form of digital audio files through numerous authorized digital services, including Spotify, Apple Music, Amazon, Google Play, Deezer, YouTube, and other current or emerging avenues for the digital distribution of music, which are available throughout the United States, including in New York and within this district.

## II.    Defendants Believe S.A. and TuneCore, Inc.

26.    Upon information and belief, Defendant Believe S.A. is a French corporation with its principal place of business in Paris, France.

27.    Upon information and belief, Defendant TuneCore, Inc. is a Delaware corporation with its principal place of business in Brooklyn, New York.

28.    Upon information and belief, since 2015, Defendant Believe S.A. has been an indirect parent company of Defendant TuneCore, Inc.  Believe wholly owns Believe Digital Holdings, Inc., which in turn wholly owns TuneCore, Inc.

29.    Believe S.A. holds TuneCore out as a "[p]art of Believe"[4] and has described TuneCore as among its "portfolio of brands" by which "Believe offers its various solutions" around the world.

---

[4] *TuneCore: For DIY Artists*, Believe, https://www.believe.com/tunecore (last visited Nov. 4, 2024).

9

## FACTUAL ALLEGATIONS

I.    **Believe's Distribution of Tracks to Social Media Platforms and other Digital Music Services**

30.    As a commercial music distributor, Believe is fully aware of the power of popular copyrighted music to attract user engagement on downstream digital music platforms and thereby to generate substantial revenues and market share.

31.    In order to grow its business, Believe has amassed a vast catalog of sound recordings by entering into contracts with individuals or labels, who purport to grant Believe the right to market and distribute their content in digital form. [5]

32.    To arrange distribution of this content, Believe enters into agreements with service providers, such as Spotify, YouTube, Apple Music and Amazon, and social media platforms, such as Instagram and TikTok, which purport to provide those service providers with a license to exploit the content for a certain period and within a defined region. [6]

33.    Neither Believe nor its "artists" are users of the third-party platforms run by digital music service providers, nor do they upload tracks as part of their interaction with the service. Rather, because Believe is a commercial distributor, its agreements with the platform providers provide for the delivery of content through a direct electronic feed specially ingested by the service provider into its repertoire. A feed is a specialized method of bulk delivery of content that requires

---

[5] *Doing Our Best for Labels & Artists*, Believe, https://www.believe.com/label-artist-solutions (last visited Nov. 4, 2024); *Distribution Solutions*, Believe, https://www.believe.com/label-artist-solutions/distribution-solutions (last visited Nov. 4, 2024).
[6] Believe, *Universal Registration Document 2023* at 13 (Mar. 2024), https://www.believe.com/sites/believe/files/2024-04/BLV_2023_URD_US_VMEL_OK2_24-04-03_0.pdf (hereinafter "*2023 Universal Registration Document*").

specific efforts by technical staff of a distributor like Believe and a platform provider to work out and set up the necessary arrangements. These feeds are distinct from the user-facing portion of the third-party platforms and are not a method through which individual users of those platforms can upload content.

34.    Believe monitors the success of the tracks it distributes, including for the purpose of identifying "high-potential artists."[7]  It also utilizes copyright management systems provided by certain online service providers, such as YouTube's Content ID system, to claim ownership of the copyrights in the recordings embodied in the tracks it distributes and uses those systems to monetize uses of those recordings.

## II.    Believe's Knowing and Willful Exploitation of Plaintiffs' Copyrighted Music

35.    In Believe's pursuit of rapid growth, it has relentlessly pursued the goal of distributing as many tracks as possible.  On information and belief, Believe has distributed millions of tracks to digital service providers, which is vastly more than the number of sound recordings that are collectively distributed by Plaintiffs and other major record labels and reputable independent labels.

36.    To help achieve its goal, Believe has knowingly and intentionally adopted a business model pursuant to which it distributes the tracks it receives (including those from questionable sources with no prior history of creating sound recordings) without any effective review to identify infringing copies of copyrighted recordings.  As a result, a significant portion of the most popular tracks that Believe has distributed blatantly infringe plaintiffs' copyrighted recordings (as well as other popular copyrighted recordings).

_____

[7] *2023 Universal Registration Document* at 25.

37.    For example, in 2023, Plaintiffs determined that many popular tracks streamed by social media users included Believe-distributed tracks that infringed the rights of Plaintiffs and other major record labels.

38.    At all relevant times, Believe has been fully aware that it has been distributing infringing tracks to social media platforms and other digital services. Many of the infringing tracks distributed by Believe are "sped up" versions of Plaintiffs' popular recordings. Believe is well aware that such tracks are popular on certain digital services and are more likely to evade the checks that digital music services use to detect infringing material on their platforms. As shown from the examples listed below, these tracks often use "sped up" or "speed" in the name and refer directly to the title of the recording they are modifying and infringing.

| Plaintiff Artist | Plaintiff Recording Title | "Artist" Name Associated with Believe Infringing Track | Title Associated with Believe Infringing Track |
|---|---|---|---|
| Ariana Grande | Daydreamin' | Unanium & Speedy Audio | Daydreamin' – Sped Up |
| Ariana Grande | 34+35 | Arriana Gramde | 34 +35 (Remix) |
| Billie Eilish | bellyache | Libra | bellyache - speed |
| Billie Eilish | TV | INDRAGERSN | Tv – Sped Up |
| Justin Bieber | Love Yourself | Unanium & Speedy Audio | Love Yourself - Sped Up |
| Kali Uchis | Moonlight | Kall Uchis | Moonlight Remix |
| Lady Gaga | Just Dance | Llady gaga | Just Dance (sped up) |
| Lady Gaga | Bad Romance | INDRAGERSN | bad romance (speed) |
| Rihanna | S&M | Rihamna | S&M - Remix |

39.     Believe's distribution of these and other obviously infringing tracks demonstrates that it does not engage in basic measures to weed out infringing material from its catalog. Believe knows full well that it has no right to distribute and purport to license these tracks but does nothing to identify these obvious infringements, choosing instead to blind itself to the illegal nature of its own music catalog.

40.     In addition, Believe has been made aware of indicia of specific instances of infringement by virtue of YouTube's Content ID system, which identifies instances in which a recording in which Believe has claimed a copyright interest is the same as or similar to a recording in which Plaintiffs have claimed a copyright interest.

41.     Believe has nonetheless not only continued to distribute and purport to license tracks embodying these recordings, but it has also compounded this unlawful conduct through spurious assertions of copyright ownership that hinder Plaintiffs' ability to enforce their rights and be paid for use of their recordings.

42.     In numerous cases, Believe has used YouTube's Content ID system to claim copyright ownership in Plaintiffs' owned or distributed recordings embodied in tracks Believe distributed to YouTube, including in numerous instances where the Believe-distributed track was simply an infringing copy of one of Plaintiffs' popular recordings. In doing so, Believe has forced Plaintiffs to incur the burden and expense of routinely contesting Believe's incorrect claims of ownership. If Plaintiffs did not do so, the Content ID system would prevent Plaintiffs from monetizing their recordings, and in some instances would in fact divert revenue to Believe.

43.     In many such instances, once Plaintiffs incurred the burden of contesting Believe's asserted copyright ownership in obviously infringing

recordings, Believe did not even contest Plaintiffs' copyright claim, thus
effectively conceding that the track it had distributed to YouTube was infringing
Plaintiffs' owned or distributed recording.  However, Believe has often continued
to distribute and purport to license ***the exact same tracks*** to other digital music
services, including Spotify, Apple Music, Amazon Music, and TikTok, and, on
information and belief, has continued to collect royalties on those tracks from these
other providers.  Some examples of works that Believe has continued to distribute
and purport to license to other services notwithstanding relinquishing a copyright
claim on YouTube are provided below:

| Plaintiff Artist | Plaintiff Recording Title | "Artist" Name Associated with Believe Infringing Track | Title Associated with Believe Infringing Track | Availability on Other Services |
|---|---|---|---|---|
| Aqua | Barbie Girl | DJ Concito | Barbie girl | Spotify, TikTok, YouTube Music, Apple Music |
| DJ Snake ft. Selena Gomez, Ozuna, Cardi B | Taki Taki | Don Lore V | Taki Taki (feat. Anyk) | Spotify, TikTok, Apple Music, Amazon Music |
| ABBA | Lay All Your Love On Me | BlackBounce | Lay All Your Love On Me | Spotify, TikTok, YouTube Music, Apple Music, Amazon Music |
| Billie Eilish | bad guy | DJ Concito | Bad Guy | TikTok, YouTube Music, |

| | | | | Apple Music, Amazon Music |
|---|---|---|---|---|
| Billie Eilish | bad guy | Alvin & The Real Chipmunks Band | Bad Guys | YouTube Music, Amazon Music |

44.    As the distributor of these tracks, Believe had specific knowledge of infringement or, at minimum, was actually aware of facts indicating a high likelihood of infringement, but continued to distribute and purport to license the same tracks to other services, continuing to violate Plaintiffs' copyrights and to divert royalties that ought to have flowed to Plaintiffs.

### III.    Believe Benefits Directly from Distributing Infringing Tracks

45.    Believe's revenue is largely driven by the size and the popularity of the catalog of music that it distributes across the digital music ecosystem.[8]  Most of Believe's revenue comes from retaining a share of the payments that service providers make for their use of the tracks distributed by Believe.[9]  Thus, the more times the tracks that Believe distributes are streamed or downloaded, the more money it receives.[10]

46.    Many of Believe's most popular tracks are infringing.  For example, infringing versions of Plaintiffs' music distributed by Believe (such as sped-up or remixed versions) are highly popular among social media users.  This has led to increased revenues for Believe because some of its payments correspond to the popularity of the tracks it distributes.

---

[8] *2023 Universal Registration Document* at 213.
[9] *Id.* at 213–14.
[10] *Id.*

15

47.    In addition, Believe has fraudulently claimed ownership of tracks available on YouTube in which the copyrights are actually owned by Plaintiffs, which allows it to collect advertising revenue related to third-party videos that match the claimed recordings.

48.    Believe has the right and ability to supervise and control the infringing activities engaged in by its "artists" and record labels, and the service providers to which it has distributed and purported to license infringing tracks, yet it refuses to do so.  Believe has absolute control over the content it accepts for distribution and then distributes and purports to license.  It can delete tracks from the catalog it controls, distributes and purports to license, filter tracks from being uploaded to its servers with available technology to stop ongoing infringement, and cease providing its distribution services to its customers engaged in infringement.

## IV.    Harm to Plaintiffs Through Believe's Exploitation of Their Copyrighted Music

49.    On information and belief, the infringing tracks distributed and purportedly licensed by Believe have been streamed (*i.e.*, publicly performed), downloaded or reproduced in videos hundreds of millions of times across the digital music ecosystem on a wide variety of digital music services.  Believe's unlawful conduct has caused and continues to cause substantial and irreparable harm to Plaintiffs and their artists.

50.    Plaintiffs' sound recordings are creative works that are protected by the Copyright Act.  Commercial distribution of this music is the principal way Plaintiffs earn revenue to pay their artists for creating and performing widely beloved and timeless works.  This revenue also enables Plaintiffs to invest in discovering, developing, and supporting creative talent and marketing, and promoting original creative works.

16

51.    Believe has attempted to convert the value of Plaintiffs' works for its own benefit by knowingly distributing infringing copies of those works and collecting royalty payments and other revenues associated with those works.  In doing so, Believe has diverted or has attempted to divert payments that would otherwise have gone to Plaintiffs, including royalties based on streams or downloads of a particular work and ad-sharing revenue associated with use of a work in user-generated content.

52.    Believe's actions also deprive Plaintiffs and their artists of creative control over modification and adaptation of their sound recordings; uses that, under copyright law, are subject to their consent.  In particular, the prevalence of modified audio (most notably sped up tracks) distributed by Believe strikes at the core of the artistic integrity of Plaintiffs' works and deprives Plaintiffs and their artists of the ability to determine whether, how, and in what form their works may be recast.  Moreover, the widespread distribution of modified versions of Plaintiffs' sound recordings has sowed confusion as to the attribution of specific works, further irreparably harming Plaintiffs.

53.    Finally, Believe's practice of using YouTube's Content ID system to claim copyright ownership of recordings in which the copyrights are actually owned by Plaintiffs has forced Plaintiffs to incur the burden of repeatedly contesting Believe's frivolous assertions of ownership at risk of losing the monetary benefit from Plaintiffs' own copyrighted recordings.

## CAUSES OF ACTION

### Count One – Direct Copyright Infringement
### 17 U.S.C. § 101 *et seq.*

54.    Plaintiffs repeat and reallege every allegation contained in all prior paragraphs of this Complaint as if fully set forth herein.

55.    Believe, without authorization or consent from Plaintiffs, reproduces and distributes copies of Plaintiffs' copyrighted sound recordings, including but not limited to those copyrighted sound recordings listed in **Exhibit A** hereto. Such reproduction and distribution is volitional and constitutes infringement of Plaintiffs' registered copyrights and exclusive rights under copyright in violation of 17 U.S.C. § 106(1) and (3), as applicable.

56.    Without limitation, these infringements occur when Believe reproduces without proper license authority infringing audio files for the purpose of distributing them to digital music services and distributes those copies without proper license or authority.

57.    Each unauthorized reproduction and distribution of each of Plaintiffs' copyrighted sound recordings is a volitional act and constitutes a separate and distinct act of infringement.

58.    Believe's acts of infringement are willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiffs.

59.    As a direct and proximate result of Believe's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). In the alternative, at Plaintiffs' election pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to their actual damages and Believe's profits from infringement, in amounts to be proven at trial.

60.    Plaintiffs are entitled to their costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

61.    Plaintiffs are entitled to an order for the impounding and destruction of all infringing copies of Plaintiffs' works.

62.    Believe's conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot be fully compensated or measured in money.  Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to an injunction prohibiting the infringement of Plaintiffs' copyrights and exclusive rights under copyright.

**Count Two – Contributory Copyright Infringement**

**17 U.S.C. § 101 *et seq.***

63.    Plaintiffs repeat and reallege every allegation contained in all prior paragraphs of this Complaint as if fully set forth herein.

64.    Fraudulent "artists" and "labels" in Believe's supply chain are knowingly engaged in repeated and pervasive infringement of Plaintiffs' exclusive rights to reproduce and distribute Plaintiffs' copyrighted sound recordings, including but not limited to those copyrighted sound recordings listed in **Exhibit A** hereto, when they deliver tracks embodying those recordings to Believe for distribution to third-party digital music services.  Even if Believe is not itself legally responsible for reproductions and distributions of the tracks it procures from such artists and labels and then distributes to digital music services, the artists and labels have infringed Plaintiffs' copyrights when Believe redistributes them to third-party digital music services.  In addition, the copyrights in Plaintiffs' sound recordings are infringed when service providers to which Believe has distributed and purported to license Plaintiffs' sound recordings reproduce, publicly perform and further distribute Plaintiffs' recordings under color of their purported but ineffective licenses from Believe.

65.    Believe has actual and constructive knowledge of, or has been willfully blind to, this infringing activity, including, among other things, because:

a.  the metadata used in infringing copies of Plaintiffs' copyrighted
    works distributed by Believe frequently directly references the fact
    that these are modified versions of existing well-known sound
    recordings;

b.  Believe monitors the success and viral nature of tracks it distributes to
    digital music marketplaces and social media platforms, and numerous
    tracks that it has distributed have achieved significant success and
    virality on social media platforms, while meanwhile their infringing
    nature is readily apparent from their metadata and content;

c.  Believe monitors the metadata of tracks received from its artists for
    similarity to the metadata of trending copyrighted works; and

d.  Believe has become aware of Plaintiffs' conflicting assertion of
    copyright ownership of the same recordings through YouTube's
    Content ID process but has nonetheless continued to distribute those
    same tracks to other service providers.

66.  Believe has further been willfully blind to this infringing activity,
including by:

a.  adopting a conscious business strategy of indiscriminately distributing
    and purporting to license tracks with full knowledge that many of the
    clients of its distribution services are fraudsters regularly providing
    infringing copies of copyrighted recordings;

b.  making the existence of speed-adapted versions of Plaintiffs'
    copyrighted works a key component of its catalog and yet taking no
    effective steps to identify or remove such content despite having tools
    that identify many such recordings and despite reviewing metadata of

specific recordings indicating that those recordings are sound-adapted versions of Plaintiffs' copyrighted works;

c.    maintaining in its catalog and continuing to distribute and purport to license to service providers certain recordings that have been identified by YouTube's content matching technology as having close similarities to Plaintiffs' copyrighted works;

d.    electing to impose a filter that does not identify many infringing recordings that are identified by other means; and

e.    continuing to procure sound recordings from individuals and entities who Believe knows have previously provided Believe with a large volume of infringing content and then distributing and purporting to license that infringing content to service providers.

67.    Believe induces, causes and/or materially contributes to the copyright infringement committed by its artists and labels and the service providers to which it distributes infringing material, including through the following volitional actions:

a.    reproducing copies of infringing versions of Plaintiffs' copyrighted works and enhancing their metadata to facilitate their distribution;

b.    distributing infringing copies of Plaintiffs' copyrighted works to digital music service providers and purporting to license the service providers to exploit the recordings involved; and

c.    tracking usage of infringing copies of Plaintiffs' copyrighted recordings, collecting money from service providers for the exploitation of Plaintiff's copyrighted recordings, and paying artists and labels as a result of its distribution of infringing copies of Plaintiffs' copyrighted recordings.

68.    Each unauthorized reproduction, distribution and public performance of each of Plaintiffs' copyrighted sound recordings constitutes a separate and distinct act of infringement.

69.    Believe's acts of infringement are willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiffs.

70.    As a direct and proximate result of Believe's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).  In the alternative, at Plaintiffs' election pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to their actual damages and Believe's profits from infringement, in amounts to be proven at trial.

71.    Plaintiffs are entitled to their costs and reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

72.    Plaintiffs are entitled to an order for the impounding and destruction of all infringing copies of Plaintiffs' works.

73.    Believe's conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot be fully compensated or measured in money.  Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to an injunction prohibiting infringement of Plaintiffs' copyrights and exclusive rights under copyright.

## Count Three – Vicarious Copyright Infringement
### 17 U.S.C. § 101 *et seq.*

74.    Plaintiffs repeat and reallege every allegation contained in all prior paragraphs of this Complaint as if fully set forth herein.

75.     As detailed above, "artists" and "labels" in Believe's supply chain are engaged in repeated and pervasive infringement of Plaintiffs' exclusive rights to reproduce and distribute Plaintiffs' copyrighted sound recordings, including but not limited to those copyrighted sound recordings listed in **Exhibit A** hereto.  In addition, the service providers to which Believe has distributed and purported to license Plaintiffs' sound recordings infringe the copyrights in Plaintiffs' copyrighted recordings when they reproduce, publicly perform and further distribute Plaintiffs' recordings under color of their purported but ineffective licenses from Believe.

76.     To the extent that Believe is not itself legally responsible for reproductions, distributions and public performances of the tracks it distributes to digital music services, Believe is vicariously liable for these infringing acts.

77.     Believe has the legal right and practical ability to supervise and control the infringing activities of its artists and labels and the service providers to which it distributes and purports to license infringing tracks, including, among other things, because:

a.     Believe reserves the right to terminate its distribution agreements with artists and labels who have engaged in infringing activity, to decline to distribute tracks that are infringing, and to remove infringing tracks from third-party services to which it has already distributed them;

b.     the infringing tracks are physically present on Believe's servers before its distribution to third-party services, giving Believe the right and ability to police and control its distribution of third-party tracks;

c.     Believe regularly tracks copyright infringement through a fingerprinting system and monitors trending releases for metadata that matches metadata provided by Believe's artists and labels; and

      d.     Believe has the practical ability to identify and take actions against artists and labels engaged in infringement.

78.     Believe at all relevant times has derived a direct financial benefit attributable to the infringement of Plaintiffs' copyrights by its artists and labels and the service providers to which it distributes and purports to license infringing tracks, including through upstream and downstream licensing arrangements that entitle it to retain a percentage of royalties and/or revenue generated when an infringing track is streamed or downloaded to a service's users or used in a video provided by a user.

79.     Each unauthorized reproduction, distribution and public performance of each of Plaintiffs' copyrighted sound recordings constitutes a separate and distinct act of infringement.

80.     Believe's acts of infringement are willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiffs.

81.     As a direct and proximate result of Believe's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). In the alternative, at Plaintiffs' election pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to their actual damages and Believe's profits from infringement, in amounts to be proven at trial.

82.     Plaintiffs are entitled to their costs and reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

83.     Plaintiffs are entitled to an order for the impounding and destruction of all infringing copies of Plaintiffs' works.

84.     Believe's conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot be fully compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to an injunction prohibiting infringement of Plaintiffs' copyrights and exclusive rights under copyright.

**Count Four – Direct Infringement of Pre-1972 Sound Recordings**
**17 U.S.C. § 1401**

85.     Plaintiffs repeat and reallege every allegation contained in all prior paragraphs of this Complaint as if fully set forth herein.

86.     Believe, without authorization or consent from Plaintiffs, reproduces and distributes copies of Plaintiffs' protected pre-1972 sound recordings, including but not limited to those sound recordings listed in **Exhibit B** hereto. Such reproduction and distribution constitutes infringement of Plaintiffs' protected pre-1972 sound recordings and exclusive rights under 17 U.S.C. § 106(1) and (3), as applicable, and 17 U.S.C. § 1401(a)(1).

87.     Without limitation, these infringements occur when Believe reproduces without proper license authority infringing audio files for the purpose of distributing them to digital music services and distributes those copies without proper license authority.

88.     Each unauthorized reproduction and distribution of each of Plaintiffs' protected pre-1972 sound recordings constitutes a separate and distinct act of infringement.

89.     Believe's acts of infringement are willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiffs.

90.     As a direct and proximate result of Believe's infringement of Plaintiffs' protected pre-1972 sound recordings and exclusive rights under 17

U.S.C. § 1401(a), Plaintiffs are entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). In the alternative, at Plaintiffs' election pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to their actual damages and Believe's profits from infringement, in amounts to be proven at trial.

91.    Plaintiffs are entitled to their costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

92.    Plaintiffs are entitled to an order for the impounding and destruction of all infringing copies of Plaintiffs' protected pre-1972 sound recordings.

93.    Believe's conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot be fully compensated or measured in money.  Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to an injunction prohibiting the infringement of Plaintiffs' protected pre-1972 sound recordings and exclusive rights under 17 U.S.C. § 1401(a).

## Count Five – Contributory Infringement of Pre-1972 Sound Recordings
## 17 U.S.C. § 1401

94.    Plaintiffs repeat and reallege every allegation contained in all prior paragraphs of this Complaint as if fully set forth herein.

95.    Fraudulent "artists" and "labels" in Believe's supply chain are knowingly engaged in repeated and pervasive infringement of Plaintiffs' exclusive rights to reproduce and distribute Plaintiffs' protected pre-1972 sound recordings, including but not limited to those sound recordings listed in **Exhibit B** hereto, when they deliver tracks embodying those recordings to Believe for distribution to third-party digital music services.  Even if Believe is not itself legally responsible

26

for reproductions and distributions of the tracks it procures from such artists and labels and then distributes to digital music services, the artists and labels have infringed Plaintiffs' rights when Believe redistributes them to third-party digital music services. In addition, Plaintiffs' protected pre-1972 sound recordings and exclusive rights therein are infringed when service providers to which Believe has distributed and purported to license Plaintiffs' protected pre-1972 sound recordings reproduce, publicly perform and further distribute Plaintiffs' protected pre-1972 recordings under color of their purported but ineffective licenses from Believe.

96.    Believe has actual and constructive knowledge of, or has been willfully blind to, this infringing activity, including, among other things, because:

a.    the metadata used in infringing copies of Plaintiffs' protected pre-1972 sound recordings distributed by Believe frequently directly references existing well-known sound recordings;

b.    Believe monitors the success and viral nature of tracks it distributes to digital music marketplaces and social media platforms, and numerous tracks that it has distributed have achieved significant success and virality on social media platforms, while meanwhile their infringing nature is readily apparent from their metadata and content; and

c.    Believe monitors the metadata of tracks received from its artists for similarity to the metadata of trending protected works.

97.    Believe has further been willfully blind to this infringing activity, including by:

a.    adopting a conscious business strategy of indiscriminately distributing and purporting to license tracks with full knowledge that many of the clients of its distribution services are fraudsters regularly providing infringing copies of protected pre-1972 sound recordings;

b.    making versions of Plaintiffs' protected pre-1972 sound recordings a key component of its catalog and yet taking no effective steps to identify or remove such content despite having tools that identify many such recordings and despite reviewing metadata of specific recordings using the same titles as protected pre-1972 sound recordings;

c.    electing to impose a filter that does not identify many recordings that are identified by other technologies as having close similarities to Plaintiffs' protected pre-1972 sound recordings; and

d.    continuing to procure sound recordings from individuals and entities who Believe knows have previously provided Believe with a large volume of infringing content and then distributing and purporting to license that infringing content to service providers.

98.    Believe induces, causes and/or materially contributes to the infringement committed by its artists and labels and the service providers to which it distributes infringing material, including through the following volitional actions:

a.    reproducing copies of infringing versions of Plaintiffs' protected pre-1972 sound recordings and enhancing their metadata to facilitate their distribution;

b.    distributing infringing copies of Plaintiffs' protected pre-1972 sound recordings to digital music service providers and purporting to license the service providers to exploit the recordings involved; and

c.    tracking usage of infringing copies of Plaintiffs' protected pre-1972 sound recordings, collecting money from service providers for the exploitation of Plaintiff's protected pre-1972 sound recordings, and

paying artists and labels as a result of its distribution of infringing copies of Plaintiffs' protected pre-1972 sound recordings.

99.    Each unauthorized reproduction, distribution, and public performance of each of Plaintiffs' protected pre-1972 sound recordings constitutes a separate and distinct act of infringement.

100.    Believe's acts of infringement are willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiffs.

101.    As a direct and proximate result of Believe's infringement of Plaintiffs' protected pre-1972 sound recordings and exclusive rights under 17 U.S.C. § 1401(a), Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). In the alternative, at Plaintiffs' election pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to their actual damages and Believe's profits from infringement, in amounts to be proven at trial.

102.    Plaintiffs are entitled to their costs and reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

103.    Plaintiffs are entitled to an order for the impounding and destruction of all infringing copies of Plaintiffs' protected pre-1972 sound recordings.

104.    Believe's conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot be fully compensated or measured in money.  Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to an injunction prohibiting infringement of Plaintiffs' protected pre-1972 sound recordings and exclusive rights under 17 U.S.C. § 1401(a).

**Count Six – Vicarious Infringement of Pre-1972 Sound Recordings**
**17 U.S.C. § 1401**

105.    Plaintiffs repeat and reallege every allegation contained in all prior paragraphs of this Complaint as if fully set forth herein.

106.    As detailed above, "artists" and "labels" in Believe's supply chain are engaged in repeated and pervasive infringement of Plaintiffs' exclusive rights to reproduce and distribute Plaintiffs' protected pre-1972 sound recordings, including but not limited to those sound recordings listed in **Exhibit B** hereto. In addition, the service providers to which Believe has distributed and purported to license Plaintiffs' sound recordings infringe Plaintiffs' protected pre-1972 sound recordings when they reproduce, publicly perform and further distribute Plaintiffs' recordings under color of their purported but ineffective licenses from Believe.

107.    To the extent that Believe is not itself legally responsible for reproductions, distributions and public performances of the tracks it distributes to digital music services, Believe is vicariously liable for these infringing acts.

108.    Believe has the legal right and practical ability to supervise and control the infringing activities of its artists and labels and the service providers to which it distributes and purports to license infringing tracks, including, among other things, because:

    a.    Believe reserves the right to terminate its distribution agreements with artists and labels who have engaged in infringing activity, to decline to distribute tracks that are infringing, and to remove infringing tracks from third-party services to which it has already distributed them;

    b.    the infringing tracks are physically present on Believe's servers before its distribution to third-party services, giving Believe the right and ability to police and control its distribution of third-party tracks;

30

c.    Believe regularly tracks infringement through a fingerprinting system and monitors trending releases for metadata that matches metadata provided by Believe's artists and labels; and

d.    Believe has the practical ability to identify and take actions against artists and labels engaged in infringement.

109.    Believe at all relevant times has derived a direct financial benefit attributable to the infringement of Plaintiffs' protected pre-1972 sound recordings by its artists and labels and the service providers to which it distributes and purports to license infringing tracks, including through upstream and downstream licensing arrangements that entitle it to retain a percentage of royalties and/or revenue generated when an infringing track is streamed or downloaded to a service's users or used in a video provided by a user.

110.    Each unauthorized reproduction, distribution and public performance of each of Plaintiffs' protected pre-1972 sound recordings constitutes a separate and distinct act of infringement.

111.    Believe's acts of infringement are willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiffs.

112.    As a direct and proximate result of Believe's infringement of Plaintiffs' protected pre-1972 sound recordings and exclusive rights under 17 U.S.C. § 1401, Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).  In the alternative, at Plaintiffs' election pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to their actual damages and Believe's profits from infringement, in amounts to be proven at trial.

113.   Plaintiffs are entitled to their costs and reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

114.   Plaintiffs are entitled to an order for the impounding and destruction of all infringing copies of Plaintiffs' protected pre-1972 sound recordings.

115.   Believe's conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot be fully compensated or measured in money.  Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to an injunction prohibiting infringement of Plaintiffs' protected pre-1972 sound recordings and exclusive rights under 17 U.S.C. § 1401.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiffs pray for judgment against Defendants, and each of them, as follows:

a.   For statutory damages pursuant to 17 U.S.C. § 504(c), in an amount up to the maximum per infringed work, arising from Believe's violations of Plaintiffs' rights under the Copyright Act and Plaintiffs' exclusive rights under 17 U.S.C. § 1401(a) or, in the alternative, at Plaintiffs' election pursuant to 17 U.S.C. § 504(b), Plaintiffs' actual damages and Believe's profits from infringement, in amounts to be proven at trial;

b.   For a preliminary and permanent injunction enjoining Defendants and their respective officers, agents, servants, employees, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, (1) from directly or indirectly infringing in any manner any of Plaintiffs' respective copyrights or other exclusive rights (whether now in existence or

hereafter created), including, without limitation, copyrights or exclusive rights under copyright in Plaintiffs' copyrighted sound recordings and exclusive rights in Plaintiffs' protected pre-1972 sound recordings, (2) from causing, contributing to, enabling, facilitating, or participating in the infringement of any of Plaintiffs' respective copyrights or other exclusive rights (whether now in existence or hereafter created), including, without limitation, copyrights or exclusive rights under copyright in Plaintiffs' copyrighted sound recordings and exclusive rights in Plaintiffs' protected pre-1972 sound recordings, and (3) to promptly terminate distribution agreements with artists who are repeat infringers of Plaintiffs' copyrighted works or protected pre-1972 sound recordings;

c.     For impoundment and destruction of files embodying Plaintiffs' copyrighted sound recordings and protected pre-1972 sound recordings;

d.     For prejudgment and post-judgment interest according to law;

e.     For Plaintiffs' attorneys' fees and full costs and disbursements in this action; and

f.     For such other and further relief as the Court may deem proper and just.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs respectfully demand trial by jury of all issues triable by right of jury.

Dated: November 4, 2024

Respectfully submitted:

*/s/ Andrew H. Bart*
Andrew H. Bart (AB-6724)
abart@jenner.com
Gianni P. Servodidio (GS-0713)
gservodidio@jenner.com
Allison N. Douglis (#5711015)
adouglis@jenner.com
Andrew C. Elliott (#5839022)
aelliott@jenner.com
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036-2711
Phone: (212) 891-1600
Facsimile: (212) 891-1699
*Attorneys for Plaintiffs*