UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

**UMG RECORDINGS, INC.** et al.,
Plaintiffs,
v.
Case No.: 1:24-cv-08406
**BELIEVE S.A. et al.,**
Defendants.

---

## MOTION TO INTERVENE AS OF RIGHT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(a)(2)

**NOW COMES** Sundiata Bakaba ("Movant"), proceeding pro se, and respectfully moves this Court for an order permitting him to intervene as a Defendant in this action. In support of this motion, Movant states:

## INTRODUCTION

This copyright infringement case between corporate giants UMG and Believe concerns the unauthorized distribution of Movant's copyrighted musical works. Movant is the true copyright owner whose property rights are being adjudicated without his participation. Worse, UMG—through its affiliated counsel Bret Lewis—actively directed the very distribution chain it now sues Believe for maintaining. Only through intervention can Movant protect his rights and expose this fundamental contradiction.

## STATEMENT OF FACTS

1. Movant owns U.S. Copyright Registration **PAu 3-427-998** for the "Tha French Pound" catalog. (Exhibit A).
2. On May 25, 2020, a French judicial officer documented widespread unauthorized distribution of Movant's works across Apple Music, Amazon, and other platforms. (Exhibit B).
3. Movant filed complaints with the FTC (#118516540) and BBB, leading TuneCore to admit liability and promise removal in July 2020. (Exhibit C).
4. Movant's business dealings with UMG-affiliated artists were coordinated by **Bret Lewis**, attorney for Tha Dogg Pound and UMG artists. (Exhibit D).
5. **Critically, Bret Lewis advised Movant to "Release it on Tunecore" and "You can put it out**

yourself on tunecore"—the same distribution UMG now alleges is infringing. (Exhibit E).

6. Movant hired attorney Marjory Cajoux, who secured TuneCore's admission but then abandoned the case. (Exhibits F & G).

7. Movant made good-faith settlement efforts with Believe, which were met with delay. (Exhibit H).

8. The artist Daz Dillinger has confirmed Movant can reclaim his rights. (Exhibit I).

9. Movant's attempts to collaborate with both parties' counsel were rejected. (Exhibit J).

## LEGAL ARGUMENT

Movant satisfies all requirements for intervention as of right under Fed. R. Civ. P. 24(a)(2):

**1. TIMELY**: Filed before Believe's December 3, 2025 answer deadline. No prejudice to parties.

**2. SIGNIFICANT PROTECTABLE INTEREST:** Movant's copyright registration establishes undeniable ownership of the disputed property.

**3. IMPAIRMENT OF INTEREST**: A judgment could estop Movant from future claims or destroy his catalog's value.

**4. INADEQUATE REPRESENTATION**:
  · UMG's interest is adverse to Movant's
  · Believe seeks only to protect its business model
  · **Only Movant** can prove UMG's unclean hands through Bret Lewis's contradictory actions
  · **Only Movant** can prove the attorney abandonment that prevented earlier resolution

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court grant his Motion to Intervene.

Respectfully submitted,

SUNDIATA BAKABA (Pro Se)
155 rue du chateau des rentiers hall 40
Paris, 75013, France
+33 7 68 41 50 70
rankax@yahoo.fr

November 28th 2025

**DECLARATION OF SUNDIATA BAKABA IN SUPPORT OF MOTION TO INTERVENE**

I, Sundiata Bakaba, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the Movant in this action and have personal knowledge of these facts.
2. I own U.S. Copyright Registration PAu 3-427-998 for my "Tha French Pound" catalog. (Exhibit A).
3. On May 25, 2020, I obtained sworn evidence of unauthorized distribution of my works. (Exhibit B).
4. I filed FTC Complaint #118516540 and BBB complaints, resulting in TuneCore's admission of guilt. (Exhibit C).
5. My collaborations with UMG artists were coordinated by Bret Lewis, who represented Tha Dogg Pound. (Exhibit D).
6. Bret Lewis later advised me to distribute through TuneCore, stating: "Release it on Tunecore" and "You can put it out yourself on tunecore." (Exhibit E).
7. I hired attorney Marjory Cajoux, who secured TuneCore's admission but then abandoned my case. (Exhibits F & G).
8. I have attempted to resolve this matter directly with Believe. (Exhibit H).
9. I cannot afford an attorney due to financial hardship caused by this prolonged infringement.
10. I believe UMG's lawsuit is fundamentally contradictory given their counsel's role in creating this distribution chain.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 28, 2025.

Sundiata Bakaba

--

**EXHIBIT LIST**

· **EXHIBIT A:** U.S. Copyright Registration PAu 3-427-998
· **EXHIBIT B:** French Bailiff's Report (Procès-Verbal de Constat) - May 25, 2020
· **EXHIBIT C:** Declaration of FTC/BBB Complaints & TuneCore Admission
· **EXHIBIT D:** Dogg Pound Contracts & Business Communications
· **EXHIBIT E:** Bret Lewis Evidence Package (Profile, "Release on Tunecore" Emails & Text)
· **EXHIBIT F:** Retainer Agreement with Marjory Cajoux
· **EXHIBIT G:** Evidence of Attorney Abandonment & Grievance File K-2172-25
· **EXHIBIT H:** Communications with Believe Legal Team

· **EXHIBIT I:** Email from Daz Dillinger (Rights Reversion)
· **EXHIBIT J:** Correspondence with Opposing Counsel (Marks & Douglis)

---

**PROPOSED ORDER**

The Court having considered the Motion to Intervene of Sundiata Bakaba, it is hereby:

**ORDERED** that the motion is **GRANTED**; and it is further
**ORDERED** that Sundiata Bakaba is permitted to intervene as a Defendant in this action.

SO ORDERED.

Dated: _____
HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

I, Sundiata Bakaba, certify that on November 28, 2025, I served the foregoing MOTION TO
INTERVENE, DECLARATION, PROPOSED ORDER, and EXHIBITS A–J upon all parties via email to:

· Allison N. Douglis, Esq. (Counsel for Plaintiffs) – ADouglis@jenner.com
· Benjamin E. Marks, Esq. (Counsel for Defendants) – benjamin.marks@weil.com
· Jared R. Friedmann, Esq. (Counsel for Defendants) – jared.friedmann@weil.com

Sundiata Bakaba

_Signature_ November 28th 2025